1

2

3

4

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11  MARCO RAUL GUZMAN,              )    NO. CV 08-05971 PA (SS)
                                    )
12              Petitioner,         )    **ORDER ADOPTING AND MODIFYING**
                                    )
13          v.                      )    **FINDINGS, CONCLUSIONS AND**
                                    )
14  DERRAL G. ADAMS, Warden,        )    **RECOMMENDATIONS OF UNITED STATES**
                                    )
15              Respondent.         )    **MAGISTRATE JUDGE**
    _____ )

16

17

18         Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition,

19  all of the records herein, the Magistrate Judge's Amended Report and

20  Recommendation, and Respondent's Objections.  After having made a <u>de</u>

21  <u>novo</u> determination of the portions of the Amended Report and

22  Recommendation to which Objections were directed, the Court concurs with

23  and adopts the findings and conclusions of the Magistrate Judge, except

24  as modified below:

25  \\

26  \\

27  \\

28  \\

    \\

1    After the end of the paragraph on Page 7, line 25, the Court
2  inserts the following paragraphs:

3

4    In his March 5, 2009 Objections to the Magistrate Judge's
5    Amended Report and Recommendation ("March Objections"),
6    Respondent argues that "the factual predicate initiating
7    AEDPA's one-year filing period arises when the Board's role in
8    determining an inmate's suitability is complete." (March
9    Objections at 5). Respondent concedes that "the Governor had
10    the constitutional authority to review the Board's decision
11    denying Petitioner parole," but contends that "the
12    determination of a factual predicate does not turn on when
13    Petitioner became certain that the Governor was not going to
14    reverse the Board's decision." (March Objections at 6).
15    Respondent further argues that in Redd, the Ninth Circuit held
16    that "the factual predicate giving rise to a challenge to a
17    Board decision is the completion of the Board's role in the
18    parole proceedings." (March Objections at 4) (citing Redd,
19    343 F.3d at 1083). Contrary to Respondent's argument,
20    however, the Ninth Circuit in Redd actually held that "AEDPA's
21    statute of limitations begins running under § 2244(d)(1)(D) on
22    the date the administrative decision became final." Redd, 343
23    F.3d at 1084 (emphasis added). California law is clear that
24    "[n]o decision of the parole authority of this state with
25    respect to the granting, denial, revocation, or suspension of
26    parole of a person sentenced to an indeterminate term upon
27    conviction of murder shall become effective for a period of 30
28    days, during which the Governor may review the decision."

Cal. Const. art. V, § 8(b); <u>see also</u> Cal. Penal Code § 3041.2(a). As explained by the California Court of Appeal:

> With respect to parole decisions for prisoners sentenced to indeterminate terms for murder, the Governor possesses ultimate authority to affirm, modify, or reverse the decisions. (Cal. Const., art. V, § 8.) In order to allow the Governor time to act, no decision granting, denying, revoking, or suspending parole for such a prisoner is final for a period of 30 days. (<u>Ibid.</u>; Pen. Code, § 3041.2.) The 30 day period commences on the effective date of the panel's decision. (<u>In re Arafiles</u> (1992) 6 Cal.App.4th 1467, 1474, 8 Cal. Rptr. 2d 492.) As the panel's decision granting parole is not effective for 120 days to allow the board time to act, the Governor's 30-day period does not begin until <u>after</u> that time.

<u>In re Tokhmanian</u>, 168 Cal. App. 4th 1270, 1273, 86 Cal. Rptr. 3d 250 (2008). Thus, the Parole Board's denial of parole did not become "final" until February 3, 2007, thirty days after January 4, 2007, the effective date of the Parole Board's decision. <u>See</u> <u>id.</u> Under <u>Redd</u>, the AEDPA limitations period did not begin to run until the Parole Board's decision became "final." <u>Redd</u>, 343 F.3d at 1084. Accordingly, the AEDPA statute of limitations began to run on February 4, 2007.

Furthermore, even if the AEDPA limitations period began to run on January 5, 2007, as Respondent contends, (see March Objections at 3), the instant Petition would still be timely because Petitioner is entitled to statutory tolling, as explained below. The limitations period would have run from January 5, 2007 until March 17, 2007 (71 days) and from March 13, 2008 until September 7, 2008 (178 days). Accordingly, even if the AEDPA limitations period began on January 5, 2007, Petitioner still had 116 days remaining (365 – 71 – 178 = 116) in the limitations period when he filed the instant Petition.

After the end of the paragraph on Page 10, line 2, the Court inserts the following paragraphs:

Respondent concedes in his Objections that "the signature page of the petition filed in the Court of Appeal is dated November 12, 2007." (March Objections at 8). Nonetheless, Respondent argues that new evidence shows that Petitioner did not file his habeas petition in the California Court of Appeal until December 3, 2007. (Id.). In support of this argument, Respondent has lodged Petitioner's prison mail log ("Lodgment 9") which "shows that Petitioner sent or received something from the court of appeal on December 3, 2007 and December 7, 2007, but no activity at all during the month of November, 2007." (Id.). The Court finds that this evidence is, at best, inconclusive.

However, even if Petitioner did not file his habeas petition in the California Court of Appeal until December 3, 2007, the Court would still find the resulting 87-day gap to be reasonable under <u>Chavis</u>.  In the limited context of life prisoners challenging a parole decision, the California Court of Appeal has held that even a ten-month gap is reasonable. See <u>In re Burdan</u>, 169 Cal. App. 4th 18, 31, 86 Cal. Rptr. 3d 549 (2008) ("We do not find a delay of 10 months for an unrepresented prison inmate to file a petition for writ of habeas corpus in the Court of Appeal, after denial of a similar petition in the superior court, to be unreasonable."). Because it is clear that California courts would consider an 87-day delay in filing to be a "reasonable time" for life prisoners challenging a parole decision, Petitioner is entitled to gap tolling.  See <u>Chavis</u>, 546 U.S. at 198; <u>In re Burdan</u>, 169 Cal. App. 4th at 31.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

Accordingly, IT IS ORDERED THAT:


    1.   The Motion to Dismiss is DENIED.   Respondent shall file an Answer to the Petition within thirty (30) days of the date of this Order.


    2.   The Clerk shall serve copies of this Order by United States mail on Petitioner and on counsel for Respondent.


Dated: December 11,2010

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE